UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YU HIN CHAN, | No. 2:25-cv-2692-DC-SCR |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| KAREN MAY BACDAYAN et al, | |
| Defendants. | |

      Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned. ECF No. 1. Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted a declaration listing his income and expenses and averring an inability to pay the costs of this proceeding. ECF No. 2; *see* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

      However, in screening Plaintiff's Complaint, as required by 28 U.S.C. § 1915(e)(2), the Court concludes that it fails to state a claim, or to establish that personal jurisdiction and venue lie in this District. For the reasons below, Plaintiff is granted leave to amend the Complaint to include factual allegations supporting his claim and supporting venue and personal jurisdiction.

### I.    LEGAL STANDARD

      A court may authorize a person to proceed in an action without prepayment of fees if that person "submits an affidavit that includes a statement of all assets…that the person is unable to

pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The federal IFP statute, however, requires federal courts to dismiss such a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful; (2) construe those allegations in the light most favorable to the plaintiff; and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327.

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice

to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.     ANALYSIS

**Failure to state a claim:** The one-page Complaint seeks $1,000,000,000 in damages against six Defendants based on one factual allegation – that Defendant Re/Max owns the apartment in which Plaintiff resides. ECF No. 1 at 1. It then argues that Defendants Re/Max, Karen May Bacdayan, Kevin C. McClanahan, Carmen A. Pacheco, Dawn Hill-Kearse, and Wavny Roussaint conspired to deprive Plaintiff of due process, and that the Court has jurisdiction to award damages to Plaintiff under the Racketeer Influenced and Corrupt Organizations ("RICO") Act. *Id.*

The RICO Act criminalizes the receipt of income:

> from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a). With some exceptions, private citizens injured by such activity can bring civil suit to recover those damages, plus attorney's fees and costs. 18 U.S.C. § 1964(a). Plaintiff provides no details, however, as to what the racketeering was, the role each Defendant played, or how much money Plaintiff lost as a result. A complaint alleging that six Defendants engaged in an unknown form of racketeering that injured Plaintiff for some unspecified amount, entitling Plaintiff to a billion dollars, is conclusory in every way imaginable.

**Venue:** Whether this Court would even be the appropriate venue for such allegations is also unclear. The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

**Personal jurisdiction:** Personal jurisdiction, in turn, requires that a nonresident defendant "have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice'." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (internal citation omitted). Personal jurisdiction can be general or specific. For general jurisdiction to exist over a nonresident defendant, the defendant must engage in continuous and systematic general business contacts that "approximate physical presence" in the forum state. *Id*. Alternatively, for a court to have personal jurisdiction over a defendant's specific conduct:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) The claim must be one which arises out of or relates to the defendant's forum related activities; and
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 802.

Plaintiff provides no information about the citizenship of any Defendant. See ECF No. 1. He also lists his own address as 8705 19th Avenue, Brooklyn, New York 11214. *Id.* To the extent that Re/Max's ownership of his apartment is relevant to the RICO allegations, Plaintiff has yet to articulate any events giving rise to the action that occurred in the Eastern District of California. See *id.* at 1. Without more, the Eastern District of New York appears to be the appropriate venue for any cognizable claim Plaintiff may articulate.

Both the lack of specificity and the failure to establish either personal jurisdiction or venue render the pleadings insufficient. The Court acknowledges, however, that Plaintiff may be able to articulate additional facts to cure these defects. It therefore will allow Plaintiff to amend his Complaint.

### III. AMENDING THE COMPLAINT

If Plaintiff chooses to amend the Complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named Defendant *and* allege facts to support *each* individual claim.

Also, the amended complaint must not refer to a prior pleading to make Plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV. PRO SE PLAINTIFF SUMMARY

The magistrate judge is ordering that your motion to proceed *in forma pauperis*, without paying the requisite filing fees, be granted. Upon screening the Complaint, however, the undersigned finds it factually deficient for failure to (1) adequately demonstrate that jurisdiction is appropriate in California, or venue in the Eastern District of California; and (2) articulate the factual basis of your claims. Failure to amend the Complaint to cure the second defect will result in a recommendation that this action be dismissed. Failure to cure the first defect will result in transfer of this case to the Eastern District of New York.

### V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed IFP (ECF No. 2) is GRANTED; and
2. Should Plaintiff wish to continue to pursue this action, he must file a First Amended Complaint within 30 days of the date of this order addressing the deficiencies identified above.
3. If Plaintiff fails to file a First Amended Complaint within the time provided, the undersigned will recommend that this action be dismissed for the reasons provided above and for failure to prosecute this action.
4. In the alternative, if Plaintiff no longer wishes to pursue this action in this Court, Plaintiff may file a notice of voluntary dismissal.

DATED: January 8, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE